UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER BALLARD, )<br>)<br>            Petitioner, )<br>)<br>    v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>            Respondent. )<br>) | Case: 1:16-cv-00973 (G Deck)<br>Assigned To : Unassigned<br>Assign. Date : 5/24/2016<br>Description: Habeas Corpus/2241 |

### MEMORANDUM OPINION

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* complaint. The criminal case against petitioner in the Superior Court of the District of Columbia has not concluded, and in this action he claims that he is "being attacked illegally using laws that don't pertain to [him]." Pet. ¶ 13. He asserts that "the courts [are] using what laws [are] necessary to hold [him] illegally changing from law to law." *Id.* Among other things, petitioner raises an ineffective assistance of counsel claim, *id.* ¶ 12, and challenges his current detention, *see id.* ¶ 12 A (Ground One).

"[A] federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). This is such an action. *See Miranda v. Gonzales*, 173 F. App'x 840 (D.C. Cir.) (per curiam) ("It is well-settled . . . that a court will not act to restrain a criminal prosecution if the

moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.") (citation omitted), *cert. denied*, 549 U.S. 889 (2006); *see Smith v. Holder*, No. 14-131, 2014 WL 414292, at *1 (D.D.C. Jan. 30, 2014), *aff'd*, 561 F. App'x 12 (D.C. Cir. June 16, 2014) (per curiam) (noting appellant's failure to "show[] that the district court erred in dismissing his challenge to pending District of Columbia criminal proceedings under the abstention doctrine of *Younger v. Harris*"). At this time it does not appear that petitioner has been tried or convicted. Presumably he may raise any constitutional claim he believes he has in the Superior Court; if he is dissatisfied, he may pursue an appeal to the District of Columbia Court of Appeals, and from there an appeal to the Supreme Court of the United States. *See JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1121 (D.C. Cir. 2004) (footnotes omitted).[1]

Given "the fundamental policy against federal interference with state criminal prosecutions" *Younger,* 401 U.S. at 46, the Court will dismiss this action. An Order accompanies this Memorandum Opinion.

DATE: May 20, 2016

_____
United States District Judge

---

[1] Furthermore, even if the criminal case had concluded, a challenge to petitioner's conviction or sentence is not properly brought in this federal district court. "Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).").